(117 So. 153)

### LOWERY v. CAIN. (6 Div. 204.)

Court of Appeals of Alabama. April 17, 1928.

Rehearing Granted May 22, 1928.

J. T. Johnson, of Oneonta, for appellant.
Nash & Fendley, of Oneonta, for appellee.

RICE, J. This was a suit by appellee against appellant for damages for the conversion of an automobile truck. There are no questions of law, involving other than elementary principles, raised. Appellant and appellee were allowed the utmost latitude in presenting their respective theories of the case to the jury. Briefly, the truck in question having been left by appellee with appellant, and having been by appellant loaned or hired to one Bains, it was appellee's claim that appellant, a bailee of the truck, acted without authority in letting Bains have it, and, the truck being destroyed by fire while in Bains' possession, was liable to appellee for its value. Appellant claims that he made a straight-out purchase of the truck from appellee, and that hence there could be no conversion. The jury found in favor of appellee.

We do not read the record as disclosing more, with reference to appellant's contention that the trial court gave the general affirmative charge in appellee's favor, than that the court gave to the jury a form of verdict to be used by them in the event they found a verdict in plaintiff's (appellee's) favor.

We find no evidence in the record supporting appellant's argument that the policy of insurance held by appellee on the truck had been, or was, assigned to appellant.

We can find no prejudicial error in the record, and none has been pointed out to us by appellant. Let the judgment be affirmed.

Affirmed.

### On Rehearing.

The trial court charged the jury orally in part as follows:

"So, gentlemen, it is a question for you to determine whether or not it was a bailment or whether or not it was a sale; and the only difference is, if it was a bailment, then you would fix a value on that car, from this testimony determine what it was worth, and, from the value of that car, you would deduct $97.50, or $94.50, the amount of those two payments, and the plaintiff would be entitled from the time of the destruction of the car to the date of this trial. If you find it was a contract of purchase and sale, then the plaintiff is entitled to recover $450, less the amount of $94.50, which Mr. Lowery had paid into that Equitable Credit Company."

"The form of your verdict is, 'We the jury find the issues in favor of the plaintiff, and we assess his damages at' so much, naming the amount arrived at, as I have instructed you."

Appellant duly reserved an exception to the above-quoted excerpt.

Upon further consideration we are of the opinion that this portion of the trial court's oral charge was, in effect, the general affirmative charge to find in favor of the plaintiff, appellee, and the giving of it was prejudicial error. Code 1923, § 9507.

The rehearing is granted, the former judgment of affirmance is hereby set aside, and the judgment is reversed and the cause remanded.